```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Barnett Glover,                  :

        Plaintiff,         :    Case No. 2:13-cv-976

   v.                            :    JUDGE GREGORY L. FROST
                                Magistrate Judge Kemp
Dr. Kirsher, et al.,             :

        Defendants.        :

## OPINION AND ORDER

This matter is before the Court on two motions to compel filed by plaintiff Barnett Glover (Docs. 18 and 22). Also before the Court is Mr. Glover's motion for an extension of time for discovery (Doc. 19) and motion for leave to file a reply to defendants' supplemental response (Doc. 27). For the reasons set forth below, Mr. Glover's motion for leave and motion for extension of time will be granted, but his motions to compel will be denied as moot.

I.

Mr. Glover is a prisoner currently incarcerated at Chillicothe Correctional Institution. He filed the instant lawsuit against defendants, all medical personnel at the prison, alleging that he was denied proper medical care in violation of his constitutional rights.

On July 17, 2014, Mr. Glover filed a motion to compel discovery (Doc. 18). In the motion, Mr. Glover argues that defendants have failed to produce responses to his interrogatories and documents in response to his requests for production. Mr. Glover claims that defendants have, <u>inter alia</u>, deprived him access to his medical records. On the same day, Mr. Glover filed a motion requesting that the Court grant him a

thirty-day extension to complete discovery. (Doc. 19). Mr. Glover requested the extension to "allow the plaintiff's [sic] to complete their responsibility as it pertains to discovery."

On July 31, 2014, defendants filed a response to the motion to compel discovery and the motion for an extension of time. (Doc. 20). In their response, defendants oppose the motion to compel discovery, but they do not oppose the motion for extension of time. Defendants first argue that the motion to compel should be denied because Mr. Glover does not and cannot certify that he made a good faith effort to confer with defendants regarding the requested discovery prior to filing the motion to compel with the Court. Further, defendants argue that, contrary to Mr. Glover's assertions, they did not refuse to provide answers to the interrogatories. Instead, they "simply requested ... more time to answer them." Defendants do not dispute that Mr. Glover is entitled to answers to the interrogatories, and they insist that the responses are forthcoming.

As to Mr. Glover's request for medical records, defendants agreed to produce the requested information consistent with section 5120.21(C)(2) of the Ohio Revised Code, which provides, in pertinent part:

> Upon the signed written request of the inmate to whom the record pertains together with the written request of either a licensed attorney at law or a licensed physician designated by the inmate, the department shall make the inmate's medical record available to the designated attorney or physician. The record may be inspected or copied by the inmate's designated attorney or physician. The department may establish a reasonable fee for the copying of any medical record.

Defendants state that under ODRC Policy 07-ORD-11(F), Mr. Glover can arrange a time to meet with a Health Care Administrator of the prison to review his records. Defendants explain that, because of this ongoing litigation, Mr. Glover is permitted to

2

receive copies of the records for a reasonable fee, which is five cents per page.

Mr. Glover filed a reply in response on August 6, 2014, withdrawing his motion to compel to the extent that it applied to the interrogatory responses in light of defendants' representation that responses would be forthcoming. As to his request for access to his medical records, Mr. Glover insists that he is entitled to this information and defendants bear the burden to produce it pursuant to Fed. R. Civ. P. 34. Mr. Glover requests that defense counsel call the Health Care Administrator "to speed up the process" and requests that the copies be provided to him free of charge because he is indigent. Finally, Mr. Glover reiterates that the extension of time is requested so that defendants can respond to discovery properly.

Just one week later, on August 13, 2014, Mr. Glover filed a "motion for order of production of documents." (Doc. 22). Mr. Glover once again requests his medical records and insists that defendants are withholding them in violation of Rule 34. Mr. Glover refers to his motion to compel and states that:

> [i]n response to that motion, the defendant's [sic] incorrectly state that the plaintiff can obtain the records from certain medical staff. But as stated in there [sic] response, the policy for the ODRC is clear …. An inmate is only allowed a copy of his medical records with a written request from a licensed attorney or a licensed physician. The plaintiff, who is indigent cannot afford the [sic] hire these professionals to obtain the copy of his medical records.

Id. at 1. Once again, Mr. Glover requests that this Court order the release of his medical records and copies at defendants' (or the institution's) expense.

On August 20, 2014, defendants filed a motion for leave to file a supplemental response to Mr. Glover's initial motion to compel. (Doc. 23). On August 22, 2014, the Court granted the

3

motion for leave for good cause shown.  In their supplemental response, defendants state that they have informed Mr. Glover "that while they will not provide him his entire medical records [sic] free of charge, they will allow him to inspect his records, and flag whichever pages he wishes to copy and keep, at a rate of five cents per page."  Defendants also attach the declaration of Beth Higginbotham, Health Care Administrator for the Chillicothe Correctional Institution, who avers that she "contacted [Mr. Glover] about viewing his medical records about three weeks ago, but he declined because he already knew what was in them."  Defendants argue that Mr. Glover bears responsibility for viewing his medical records but he has, to date, refused to do so.  Defendants further state that, although Mr. Glover is proceeding in forma pauperis, he is not entitled to free discovery.  They state that they are merely "asking for five cents a page, and are not unconstitutionally denying [Mr. Glover] access to the courts."

One week later, on August 27, 2014, defendants filed an opposition to Mr. Glover's motion for order of production of documents.  (Doc. 26).  Defendants refer to Mr. Glover's motion as "redundant" because "his prior motion to compel discovery (Doc. 18) is still pending before this Court."  Defendants maintain that Mr. Glover once again does not and cannot certify that he made a good faith effort to confer with defendants regarding the requested discovery prior to filing the motion.  As to the substance of Mr. Glover's motion, defendants "rest on their arguments made in their first response to Plaintiff's original motion to compel, and their supplemental response."

Mr. Glover filed "a motion for leave to file a reply to defendant's supplemental response" on August 27, 2014.  (Doc. 27).  For good cause shown, the Court will grant Mr. Glover's motion for leave.  In his supplemental reply, Mr. Glover states

4

that "in the interest of compromise," he will agree to pay five cents per page for those pages he wishes to copy. Mr. Glover notes that "he would like to state his concerns to the Court, as well as [sic] some actual context to the procedures of the institution." He states:

> State pay for an inmate is not posted on an inmates [sic] account until the first or second month. In this case, state pay will be posted on September 6, 2014. Until this pay is posted, they (institutional staff), will not allow any copies/items to be given to any inmates until his ability to pay is verified by the institutional cashier. A medical HCA has no authority in this procedure.
>
> Secondly, medical staff who will be supervising when the plaintiff flags any medical files, will not, by policy, answer any questions that pertain to these files. Or any files that may be missing. What usually happens is that most of the files will not be there, staff of course will not attempt to find any missing files, and when the plaintiff files a motion to this Court on that issue, there will ab [sic] another affidavit from medical staff attesting that the defendant's (Asst. Atty. General), ensure that the medical files pertain to the treatment of the severed finger from OSU, Adena, and the institution be present fro [sic] this appointment.

Mr. Glover requests a sixty-day extension to allow the completion of discovery. Mr. Glover indicates that he has sent the request to copy the files, as requested by defendants. After reiterating "his concerns pertaining to retaliation that may occur at this appointment" when he inspects and requests copies of his medical records, Mr. Glover "request[s] that if possible, the Motion to Compel be put on hold, or allowed to sit until the conclusion of discovery."

## II.

There has been an extensive amount of briefing with respect to what, in essence, amounts to a motion to compel Mr. Glover's medical records to the extent that they pertain to the treatment

5

of his severed finger. In that extensive briefing, an agreement has emerged, wherein defendants have agreed to make Mr. Glover's medical records available and Mr. Glover has agreed to pay five cents per copy for any copies that he wishes to make. Although Mr. Glover expresses some concerns about the procedure governing the inspection, his concerns amount to nothing more than speculation at this juncture. If, indeed, there is some dispute that arises in the midst of the inspection and copying, Mr. Glover may bring that dispute to this Court's attention in a manner consistent with the Federal Rules of Civil Procedure. Consequently, Mr. Glover's motions to compel discovery will be denied as moot.

Similarly, both Mr. Glover and defendants agree that an extension of time for discovery is necessary. In the motion, Mr. Glover requests an additional thirty days to complete discovery. Defendants agree that the thirty-day extension requested is reasonable and necessary. Mr. Glover later changes that request to sixty days, although he does not provide a compelling reason for requesting the additional time. For good cause shown, the Court will grant Mr. Glover's request as originally set forth in his motion, allowing for an additional thirty days to complete discovery. This Court's scheduling order provides a discovery deadline of August 31, 2014. In light of this Court's decision to grant the extension, discovery in this matter will now be due on October 1, 2014 and any motions for summary judgment will be due on December 1, 2014. As indicated in this Court's scheduling order, if no motion for summary judgment is filed by the cut-off date, and no other case-dispositive motion is pending on that date, each party shall, within 30 days thereafter, submit a pretrial statement as provided in that order.

### III.

Based upon the foregoing, Mr. Glover's motion for leave to

file a reply to defendants' supplemental response (Doc. 27) is granted. However, Mr. Glover's motions to compel (Docs. 18 and 22) are denied as moot. Finally, Mr. Glover's motion for an extension of time for discovery (Doc. 19) is granted. Discovery in this matter is now due on October 1, 2014 and any motions for summary judgment are due on December 1, 2014. As indicated in this Court's scheduling order, if no motion for summary judgment is filed by the cut-off date, and no other case-dispositive motion is pending on that date, each party shall, within 30 days thereafter, submit a pretrial statement as provided in that order.

IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge