```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION



Barnett Glover,                     :

          Plaintiff,                :

     v.                             :    Case No. 2:13-cv-976

Dr. Kirsher, et al.,                :    JUDGE GREGORY L. FROST
                                         Magistrate Judge Kemp
                                    :
          Defendants.
```

                       REPORT AND RECOMMENDATION

     On December 31, 2014, defendants filed a motion for summary
judgment, together with a supporting memorandum of law.  Despite
the requirement under Local Rule 7.2(a)(2) that a memorandum
opposing the motion be filed within 21 days from the date of
service of the motion, no such memorandum was filed.

     In an order issued on March 5, 2015, Plaintiff was ordered
to file an opposing memorandum, if any, within fourteen days.  He
was advised that his failure to do so might result either in the
motion being treated as unopposed, or  in dismissal of this
action for failure to prosecute.  That order was returned as
undeliverable, and Plaintiff has not responded to the motion.

     If the plaintiff fails properly to prosecute an action,
it can be dismissed either pursuant to the Court's inherent
power to control its docket, or involuntarily under Fed. R.
Civ. P. 41(b).  Link v. Wasbash R. Co., 370 U.S. 626 (1962);
Boudwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir.
1985).  Dismissal for failure to prosecute can occur where,
for example, a plaintiff fails to respond to an order
directing that he file a brief.  Dynes v. Army Air Force

Exchange Service, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972). Such a dismissal is also appropriate for failure to respond to a summary judgment motion. See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

Plaintiff's failure to keep the Court advised of a current address, and his further failure to respond to the Court's order of March 5, 2015, indicates a clear abandonment of this litigation. Under those circumstances, the Court is justified in dismissing the case for failure to prosecute. Consequently, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the

right to have the district judge review the Report and
Recommendation de novo, and also operates as a waiver of the
right to appeal the decision of the District Court adopting the
Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140
(1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge